WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Erik Scott Maloney,

               Plaintiff,

  vs.

Charles L. Ryan, et al.,

               Defendants.

No.  CV 13-314-PHX-RCB (BSB)

**O R D E R**

      Plaintiff Erik Scott Maloney, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will order Defendants Ryan and Linderman to answer Counts One, Two, and Three; will order Defendant Mason to answer Count Two; and will dismiss the remaining Defendants without prejudice.

**I.**    **Application to Proceed *In Forma Pauperis* and Filing Fee**

      Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $17.14.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

TERMPSREF

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

III.   **Complaint**

In his three-count Complaint, Plaintiff sues Arizona Department of Corrections Director Charles L. Ryan, Administrator of Pastoral Activities Mike Linderman, Complex Warden Lance Hetmer, Former Deputy Warden Stephen Morris, and Chaplain Wayne Mason.

In Count One, Plaintiff alleges a violation of his First Amendment right to the free exercise of his religion.   He contends that Defendants inhibited the exercise of his religion when they created, implemented, or enforced a regulation that inhibited his sincerely held religious beliefs by not accommodating his meal requirements during Ramadan.  Plaintiff asserts that pursuant to a policy that permitted Defendant Linderman to make recommendations to Defendant Ryan regarding the religious issues, Defendants knowingly set the time for breakfast for Muslims during Ramadan for a time *after* the religiously mandated time for fasting had begun.  Plaintiff asserts that the policy forced him to either forgo breakfast during Ramadan or violate the tenets of his religion. Plaintiff contends that Defendant Ryan implemented the breakfast policy, Defendant Linderman recommended the policy and directed others to follow it, Defendant Mason participated in and directed the constitutional violations, and Defendants Hetmer and Morris knew of the violations and failed to prevent them.

In Count Two, Plaintiff alleges that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment and denied his Fourteenth Amendment rights to due process and equal protection because Defendants provided him with a nutritionally inadequate diet during Ramadan and knew that the diet was nutritionally inadequate and likely to cause pain and suffering.  Plaintiff contends that in prior years during Ramadan, Muslims were provided a portion and a half of breakfast pre-dawn and a portion and a half of dinner, so that they received the same amount of food as general population inmates.  Plaintiff asserts that in 2012, Defendants deliberately set the time for breakfast for Muslims during Ramadan at a time when they knew the Muslims would be prohibited from eating and did so with deliberate indifference to Plaintiff's health and

wellbeing and without a penological justification.  Because breakfast was provided after dawn, Plaintiff was prevented from eating breakfast.  In addition, Plaintiff asserts that for three days, Defendant Mason instructed kitchen staff to withhold a lunch sack at dinner and did so with deliberate indifference to Plaintiff's health and wellbeing and without a penological justification.  Plaintiff asserts that as a result, he received only one of three meals on these days.  He claims that he suffered abdominal pain, headaches, severe exhaustion, weight loss, and mental and emotional distress.

Plaintiff contends that Defendants are liable because Defendant Ryan implemented the breakfast policy, Defendant Linderman created and directed the implementation of the breakfast policy, Defendant Mason participated in and enforced the breakfast policy and acted with deliberate indifference in denying Plaintiff a lunch sack for three days, and Defendants Hetmer and Morris knew of the constitutional violations and failed to prevent them.

In Count Three, Plaintiff alleges a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA).  He asserts that he sought to engage in Sahur, an obligatory Islamic exercise during Ramadan in which Muslims prepare to fast each day before dawn by eating breakfast, drinking water, and praising and glorifying God. Plaintiff contends that the exercise of his religion was substantially burdened and he was prohibited from practicing Sahur because Defendants knowingly and intentionally implemented a breakfast policy for Muslim inmates that provided breakfast after dawn. Plaintiff contends that Defendant Ryan knowingly implemented the policy, Defendant Linderman created and directed the implementation of the policy, Defendant Mason participated in and directed the enforcement of the policy, and Defendants Hetmer and Morris were aware of the constitutional violations and failed to prevent them.

In his Request for Relief, Plaintiff seeks declaratory and injunctive relief and monetary damages.

. . . .

. . . .

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated First Amendment and RLUIPA claims against Defendants Ryan and Linderman in Counts One and Three and has stated deliberate indifference and equal protection claims against Defendants Ryan, Linderman, and Mason in Count Two.  The Court will require these Defendants to answer the Complaint

**V.    Failure to State a Claim**

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).   There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

Plaintiff's allegations against Defendants Hetmer and Morris are too vague to state a claim.  At best, Plaintiff's allegations suggest that Defendants Hetmer and Morris were aware of the breakfast policy and failed to act to prevent alleged constitutional violations.  Plaintiff has presented nothing that would suggest either Defendant had any authority to override the policy and, moreover, Defendants Hetmer and Morris are not liable simply

because they failed to intervene or remedy allegedly unconstitutional behavior. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Similarly, Plaintiff's allegations against Defendant Mason regarding the breakfast policy are insufficient to state a claim against him. Thus, the Court will dismiss Plaintiff's claims against Defendants Hetmer and Morris and will dismiss Plaintiff's claims regarding the breakfast policy against Defendant Mason.

**VI.   Warnings**

   **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $17.14.

(3)    Defendants Hetmer and Morris are **dismissed** without prejudice.

(4)    Defendants Ryan and Linderman must answer Counts One, Two, and Three of the Complaint and Defendant Mason must answer Count Two.

(5)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Ryan, Linderman, and Mason.

(6)    Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

---

[1]If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(9)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)     personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)     within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)  **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)  Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

. . . .

1    (12)    Any answer or response must state the specific Defendant by name on

2    whose behalf it is filed.  The Court may strike any answer, response, or other motion or

3    paper that does not identify the specific Defendant by name on whose behalf it is filed.

4    (13)    This matter is referred to Magistrate Judge Bridget S. Bade pursuant to

5    Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

6    authorized under 28 U.S.C. § 636(b)(1).

7    DATED this 6th day of June, 2013.

_____
Robert C. Broomfield
Senior United States District Judge