**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Scott Maloney, | |
| Plaintiff, | No. CV 13-00314-PHX-RCB(BSB) |
| vs. | O R D E R |
| Charles L. Ryan, et al. | |
| Defendants. | |

### *Background*

Plaintiff *pro se* Erik Scott Maloney is confined in the Arizona State Prison Complex-Florence in Florence, Arizona. On February 12, 2013, he filed a three count civil rights complaint pursuant to 42 U.S.C. § 1983, naming five defendants. Plaintiff is alleging various constitutional violations, as well as a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Basically, those alleged violations stem from a claimed Arizona Department of Corrections ("ADOC") policy or regulation which plaintiff claims does not accommodate his meal and prayer

requirements during the month of Ramadan. In its screening order, the court ordered that only three of the five named defendants were required to file an answer. <u>See</u> Ord. (Doc. 5) at 7, ¶ (4). Those defendants are Charles L. Ryan, ADOC Director; Mike Linderman, ADOC Administrator of Pastoral Activities; and Wayne Mason, East Unit Chaplain at Florence Complex. <u>See</u> Co. (Doc. 1) at 3, ¶¶ 1-2; and at 2, ¶ 5. To date, there is nothing in the record showing that any of those three defendants have been served with the complaint.

On June 13, 2013, the plaintiff filed a motion for a temporary restraining order "and/or" a preliminary injunction.[1] Mot. (Doc. 8) at 1. The plaintiff broadly seeks a TRO "requiring the defendants to accommodate meal requirements of [M]uslim practitioners in accordance to [sic] the tenets of their religion." <u>Id.</u> at 6:10-12 (footnote added). Because Ramadan commences on July 9, 2013, this year, Mot. (Doc. 8) at 1:25, the court ordered the expedited filing of a response and reply, if any. <u>See</u> Ord. (Doc. 9). Although the defendants' responses were due on June 26, 2013, due to the State's "internal administrative process[,]" counsel for defendants Linderman and Ryan, Neil Singh, Assistant Attorney General, did not see this court's order until June 27, 2013. Mot. (Doc. 12) at 1:21-25. Mr. Singh then promptly filed an "Emergency Motion for Extended Time Re[:] Plaintiff's Motion for Temporary Restraining Order" (Doc. 12).

In the meantime, on June 25, 2013, plaintiff Maloney

---

[1] For brevity's sake, hereinafter the court will refer to this as "the TRO motion."

filed a First Amended Complaint ("FAC") (Doc. 11).[2]  That single count complaint alleges strictly a violation of RLUIPA against a single defendant, Mr. Ryan.  The plaintiff alleges that defendant Ryan rescinded an ADOC policy regarding inmates' possession of religious books, "substantially burdening" the "religious exercise of Dawwah[,]" which is "require[d] [of] [M]uslim practitioner[s][.]"  FAC (Doc. 11) at 4:10; at 3, ¶ 3.  The ramifications of the FAC are discussed below, including how the court intends to proceed given that recent filing by the plaintiff.

## *Discussion*

Preliminarily, the court observes that plaintiff's FAC does not comport with LRCiv 15.1(b).  That Rule requires, among other things, "a separate notice of filing the amended complaint[,]" to which a copy of the amended pleading is attached. LRCiv 15.1(b).  Plaintiff Maloney did not do that, however.  Despite the requirements of that Rule, plaintiff Maloney also did not "indicate[] in what respect [the FAC] differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added."  See id.

Plaintiff's failure to comply with that Local Rule is troubling, but his situation is further complicated by the manner in which he presents the FAC.  As just mentioned, it contains a single RLUIPA count, designated as "Count IV[,]" and lists only Mr. Ryan as a defendant. FAC (Doc. 11) at 3.

---

[2]  The FAC first came to the court's attention when it was entered the next day, June 26, 2013.

The FAC is void of any mention of Ramadan whatsoever. On the other hand, plaintiff's original complaint, set forth three counts, enumerated as Counts I, II, and III  - all pertaining to Ramadan, and listed five defendants, including Mr. Ryan. Because the FAC does not mention any of those original three counts pertaining to Ramadan, and because it begins with Count IV, presumably, the plaintiff intends the FAC to be a continuation of the complaint and that the two complaints be read together.

While perhaps a logical presumption for a layperson, settled law undermines such a presumption. That is because "the general rule is that an amended complaint supercedes the original complaint and renders it *without legal effect*[.]" Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc) (emphasis added); see also Valadez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011) (quotation marks and citations omitted) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Simply put,"[o]nce an amended complaint is filed, the original pleading no longer serves any function in the case." Hasegawa v. State of Hawaii, 2011 WL 2020715, at *1 n. 1 (D.Hawai'i May 24, 2011).

Application of that rule here means that  plaintiff's FAC, which is void of any allegations pertaining to Ramadan, supercedes his original complaint, which focused solely on Ramadan issues. Consequently, because plaintiff's original complaint "no longer serves any function in this case[,]" it cannot form the basis for his pending TRO motion seeking

-4-

relief solely related to Ramadan.  See id.  Thus, the court **VACATES** its order filed July 20, 2013 (Doc. 9), ordering expedited briefing as to plaintiff's TRO motion and **DENIES** that motion as moot.[3]  Likewise, the court **DENIES** as moot the emergency motion by  defendants Linderman (Doc. 12).  As explained below, however, because the court is granting plaintiff leave to file a second amended complaint, this order does not preclude the filing of  a motion for a temporary restraining order and/or a preliminary injunction at a later date.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey, 693 F.3d 896; see also Ghazali v. Moran, 46 F.3d 52 (9th

---

[3]   The court recognizes that it has a "duty to construe pro se pleadings liberally[.]" See Bernhardt v. Los Angeles County, 393 F.3d 920, 925 (9th Cir. 2003).  Consistent with that duty, and disregarding the plaintiff's specific indication that the pleading filed June 25, 2013, is a "First Amended Complaint," (Doc. 11), the court will briefly consider whether the FAC could, instead,  be construed as a supplemental pleading.  The distinction between a supplemental and an amended pleading is significant because a "supplemental pleading, unlike [an] amended pleading, does not supersede the original pleading[.]" See Gregory v. Hill, 2013 WL 2130887, at  *4 n. 1 (C.D.Cal. April 5, 2013) (citing Puget Sound Power & Light Co. v. City of Seattle, 5 F.2d 393, 393 (9th Cir. 1925), adopted by 2013 WL 2138540 (C.D.Cal. May 13, 2013).
   The FAC cannot be read as a supplemental pleading, however, because by definition supplemental pleadings pertain to matters that "happened *after* the date of the pleading to be supplemented."  See Fed.R.Civ.P. 15(d) (emphasis added).  Plaintiff Maloney's FAC pertains to a matter which occurred *prior* to the filing of his original complaint though.  In particular, the FAC alleges a RLUIPA violation by defendant Ryan when, in January 30, 2013, he allegedly rescinded a policy "allowing for an unlimited number of religious books, provided they fit into a property box."  FAC (Doc. 11) at 3-4, ¶ 3.  Plaintiff filed his original complaint after that, however, on February 12, 2013.  Thus, the court declines to construe the FAC as a supplemental, rather than an amended pleading. Plaintiff therefore cannot avail himself of the rule that a supplemental pleading does not supersede the original pleading.

Cir. 1995) ("pro se litigants are bound by the rules of procedure."). At the same time, however, the court recognizes its obligation to "ensure that pro se litigants do not unwittingly fall victim to procedural requirements." Waters v. Young, 100 F.3d 1437, 1441 (9th Cir. 1996). Balancing those competing concerns, the court finds that "justice requires" allowing plaintiff to file a second amended complaint, if he so chooses. See Fed R. Civ. P. 15(a)(2).

Based upon the foregoing, the court **HEREBY ORDERS** that:

(1) the order filed June 20, 2013 (Doc. 9), requiring expedited briefing as to plaintiff's TRO motion is **VACATED**;

(2) the "Emergency Motion for Extended Time Re[:] Plaintiff's Motion for Temporary Restraining Order" by defendants Linderman and Ryan (Doc. 12) is **DENIED** as moot;

(3) Plaintiff's "Motion for a Temporary Restraining Order and/or Preliminary Injunction" (Doc. 8) is **DENIED** as moot; and

(4) plaintiff is **GRANTED** leave to file a second amended complaint, which shall be filed **no later than twenty (20) days** from the date of entry of this order.

DATED this 28th day of June, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to plaintiff *pro se* and Neil Singh, Arizona State Assistant Attorney General

- 6 -