WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Scott Maloney,<br><br>             Plaintiff,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>             Defendants. | No. CV 13-0314-PHX-RCB (BSB)<br><br>**O R D E R** |

Plaintiff Erik Scott Maloney, who is a prisoner in the custody of the Arizona Department of Corrections, brought this civil rights case pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). (Doc. 17.) Defendants have filed a Motion for Partial Judgment on the Pleadings as to the claims in Counts One and Three.[1] (Doc. 35). Plaintiff opposes the motion. (Doc. 39.)

The Court will grant the motion in part and deny it in part.

**I.  Background**

In Count One of his Second Amended Complaint (SAC), Plaintiff alleges a violation of his First Amendment right to the free exercise of his religion. He contends that Defendants inhibited the exercise of his religion when they created, implemented, or enforced a regulation that inhibited his sincerely held religious beliefs by not accommodating his meal requirements during Ramadan. Plaintiff asserts that Defendants knowingly set the time for breakfast for Muslims during Ramadan for a time *after* the

---

[1] The Court provided Plaintiff with notice of his obligation to respond. (Doc. 37.)

religiously mandated time for fasting had begun and that the policy forced him to either forgo breakfast during Ramadan or violate the tenets of his religion.

In Count Two, Plaintiff alleges that he has been subjected to an Eighth Amendment violation and denied due process and equal protection because Defendants knowingly provided him with a nutritionally inadequate diet during Ramadan. Plaintiff contends that in prior years during Ramadan, Muslims were provided a portion and a half of breakfast pre-dawn and a portion and a half of dinner, so that they received the same amount of food as general population inmates. Plaintiff asserts that in 2012, Defendants deliberately set the time for breakfast for Muslims during Ramadan at a time when they knew the Muslims would be prohibited from eating. In addition, for three days, Defendant Mason instructed kitchen staff to withhold a lunch sack at dinner. As a result, Plaintiff received only one of three meals on these days and suffered abdominal pain, headaches, severe exhaustion, weight loss, and mental and emotional distress.

In Count Three, Plaintiff alleges a violation of RLUIPA, arguing that he sought to engage in Sahur, an obligatory Islamic exercise during Ramadan in which Muslims prepare to fast each day before dawn by eating breakfast, drinking water, and praising and glorifying God. Plaintiff contends that the exercise of his religion was substantially burdened and he was prohibited from practicing Sahur because Defendants implemented a breakfast policy for Muslim inmates that provided breakfast after dawn.

In its screening of the original complaint, the Court determined that Plaintiff stated First Amendment and RLUIPA claims against Defendants Ryan and Linderman in Counts One and Three and stated deliberate indifference and equal protection claims against Defendants Ryan, Linderman, and Mason in Count Two. (Doc. 5.) As the Court noted in its Order of July 23, 2013, the first three counts in the SAC, all pertaining to Ramadan, are virtually identical to the first three counts in the original complaint. (Doc. 23 at 4.)

Defendants now move under Federal Rule of Civil Procedure 12(c) to dismiss Counts One and Three of Plaintiff's SAC on grounds of qualified immunity, arguing that

there is no "clearly established constitutional right" for Muslim inmates to eat meals during Ramadan prior to 5:00 a.m., that no damages are available for RLUIPA claims, and that the Court has already determined that the injunctive relief is moot. (Doc. 35.)

## II.     Motion for Judgment on the Pleadings

### A.     Legal Standards

#### 1.     Rule 12(c)

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The purpose of a Rule 12(c) motion is "to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam).

When brought by a defendant, a Rule 12(c) motion for judgment on the pleadings is a "means to challenge the sufficiency of the complaint after an answer has been filed." *New.Net, Inc. v. Lavasoft*, 356 F. Supp.2d 1090, 1115 (C.D. Cal. 2004). It is thus similar to a motion to dismiss. *Id.* Indeed, the standard for deciding a Rule 12(c) motion is the same as that applied to a Rule 12(b) motion to dismiss. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

#### 2.     Qualified Immunity

A defendant in a § 1983 action is entitled to qualified immunity from damages for civil liability if his conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity analysis formerly required the court to make two distinct inquires, the "constitutional inquiry" and the "qualified immunity inquiry." *See Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049 (9th Cir. 2002). The "constitutional inquiry" asks whether, when taken in the light most favorable to the non-moving party, the facts alleged show that the official's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The "qualified immunity

inquiry" asks if the right was clearly established at the relevant time. *Id.* at 201-02.

In *Pearson v. Callahan*, the Supreme Court held that the two-prong procedure established in *Saucier* is not an inflexible requirement; judges should be permitted to exercise their discretion in deciding which of the two prongs should be addressed first in light of the particular case. 555 U.S. 223, 242 (2009). That is, a court need not first determine if there was a constitutional violation before determining if a defendant is entitled to qualified immunity.

The qualified immunity inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. The plaintiff has the burden to show that the right was clearly established at the time of the alleged violation. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). For qualified immunity purposes, "the contours of the right must be sufficiently clear that at the time the allegedly unlawful act is [under]taken, a reasonable official would understand that what he is doing violates that right;" and "in the light of pre-existing law the unlawfulness must be apparent." *Mendoza v. Block*, 27 F.3d 1357, 1361 (9th Cir. 1994) (quotations omitted). Therefore, regardless of whether the constitutional violation occurred, the officer should prevail if the right asserted by the plaintiff was not "clearly established" or the officer could have reasonably believed that his particular conduct was lawful. *Romero*, 931 F.2d at 627.

**B.     Discussion**

      **1.     Qualified Immunity**

Defendants contend that this action concerns a dispute over the breakfast feeding time of incarcerated inmates, who belong to the Islamic faith, during the Holy Month of Ramadan in the year 2012. There is no dispute that Ramadan is a Holy Month in the Islamic faith and that it requires fasting on a daily basis throughout its duration. But Defendants dispute that prison officials can be sued for monetary damages under the First Amendment and RLUIPA simply because they served breakfast at 5:00 a.m. rather than

the astronomically-calculated time mandated by Plaintiff's interpretation of the Qur'an. (Doc. 35 at 1.)

Defendants ask the Court to take judicial notice of three facts: (1) in 2012 Ramadan began on July 20; (2) sunrise in Florence, Arizona—where Plaintiff alleges he was housed—was at 5:31 a.m. on July 20, 2012; and (3) the language of the Qur'an instructs observant Muslims during Ramadan to "eat and drink until the white thread of dawn becomes distinct to you from the black thread. Then complete the fast until the sunset" or variations of that language. (Doc. 35 at 3-6, citing Fed. R. Evid. 201; *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007).) As to the last point, Defendants argue that the Qur'an speaks to the distinction between the dark of night and the light of day and is not more specific than that. (Doc. 35 at 6.)

Defendants maintain that given these facts, there is no caselaw that would have put them on notice that serving breakfast to Muslim inmates prior to sunrise between 5:00 a.m. and 5:30 a.m. would violate an inmate's constitutional rights. (*Id.* at 8-9.)

Plaintiff responds that Defendant misstate the nature of his claim; he asserts that the SAC alleges that "he was denied his liberties . . . by putting in place and/or enforcing a regulation which prohibits Plaintiff's sincerely held beliefs by not accommodating meal requirements during Muslim Holy month of Ramadan." (Doc. 39 at 2; ref. Doc. 17.) He claims that his SAC alleges nothing about the 5:00 am time in the first five lines. (Doc. 39 at 2.)

The Court rejects Plaintiff's argument; plainly the gist of the claims in Counts One and Three relate to the breakfast feeding time, which according to Plaintiff's SAC was set at 5:00 am rather than a pre-dawn time. (Doc. 17 at 3.) As to Counts One and Three, the feeding time was the alleged failure to accommodate Plaintiff's sincerely held belief.

Plaintiff also claims that his rights were clearly established at the time in question. (Doc. 39 at 5, citing *Washington v. Garcia*, 977 F.Supp. 1067 (S.D. Cal. Sept. 10, 1997); *Makin v. Colo. Dep't Corrs.*, 183 F.3d 1205, 1209-10 (10th Cir. 1999); *Lovelace v. Lee*, 472 F.3d 174, 196-99 (4th Cir. 2006).) Plaintiff also asserts that he wrote to the "top

1  officials" at his unit about the proper feeding times and they said they spoke with
2  Linderman, so Linderman was aware that inmates were complaining that the 5:00 am
3  feeding time was too late.[2]  (Doc. 39 at 7.)

4  First, the issue for these Counts is whether it was clearly established that during
5  Ramadan Muslims must eat breakfast before dawn rather than before sunrise; a general
6  duty to satisfy an inmate's religious dietary requirements defines the right in question too
7  broadly.  *See Dunn v. Castro*, 621 F.3d 1196, 1200 (9th Cir. 2010).  Second, the Court is
8  not persuaded that the cited authority demonstrates that there was such a clearly
9  established right.  In *Garcia*, the issue was denial of a special diet during Ramadan and
10 denial of Suhoor meals to an inmate in administrative segregation.  977 F. Supp. at 1072.
11 The court found that eating a special meal is not an essential practice during Ramadan but
12 that fasting and prayer during daylight hours is such a practice.  *Id.* at 1072.  The court
13 held that prison officials had failed to show that offering the inmate the alternative of
14 saving food served during the day for consumption during non-daylight hours passed the
15 test under *Turner v. Safley. Garcia*, 977 F. Supp. at 1073-74, citing *Turner*, 482 U.S. 78.
16 The court did not address whether during Ramadan Muslims must eat breakfast before
17 dawn rather than before sunrise.

18 The issue in *Makin* was similar; the plaintiff was in segregation and unable to eat
19 his meals when delivered.  183 F.3d at 1208-09.  Although the policy for other Muslim
20 inmates noted that Muslims must fast from two hours prior to sunrise until after sunset
21 during Ramadan, the issue decided by the court was unrelated to the required time for
22 breakfast.  *Id.*  In *Lovelace*, the court addressed whether an inmate's rights were violated
23 when he was unable to participate in Ramadan after he was falsely accused of violating a
24 prison rule.  472 F.3d at 195-199.  The court did not determine the required time for
25 breakfast during Ramadan.

26 This Court recently determined in a similar case that Linderman and Ryan were
27 entitled to qualified immunity on this issue.  *Bomar v. Linderman, et al.*, CV-13-0253-
28

---

[2] This fact is outside the pleadings.

1 PHX-ROS (LOA) (Doc. 30). And even assuming that Plaintiff wrote to prison officials
2 about the issue of feeding time, that is not legal authority. The Court finds that there was
3 no legal authority that would have put Defendants on notice that providing the morning
4 meal before sunrise, rather than before dawn, would violate inmates' constitutional rights.

### 2. Availability of Relief

Defendants also contend that Plaintiff cannot prevail as a matter of law on any claim asserted under RLUIPA because Defendants cannot be held liable under RLUIPA for monetary damages in their official or individual capacity. In addition, they argue that Plaintiff's lawsuit concerns meal policies in 2012, he was already denied injunctive relief for 2013, and his claim is, therefore, moot. (Doc. 35 at 9.) Plaintiff responds that he did not seek damages. (Doc. 39 at 2.) Plaintiff also argues that he may still be entitled to declaratory and injunctive relief. (*Id.* at 4.) He contends that generally a case should not be considered moot if the defendant voluntarily ceases allegedly improper behavior in response to a lawsuit but is free to return to it at any time. (*Id.*, citing *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1501, 1510 (9th Cir. 1994).)

As to damages, the grant of qualified immunity means Plaintiff is not entitled to damages on the First Amendment claim, and no damages are available under RLUIPA.[3] As to injunctive relief, in its Order denying Plaintiff's request for a temporary restraining order and preliminary injunction for Ramadan 2013, the Court stated that ADC is not following the 2012 policy in 2013; "[c]urrently, ADC is serving Muslim practitioners . . .

---

[3] The Supreme Court has determined that there are no damages available under RLUIPA against Defendants in their official capacity. *Sossomon v. Texas*, 131 S.Ct. 1651, 1663 (2011). The Ninth Circuit has not squarely addressed whether RLUIPA creates a cause of action for damages against individuals, but the Fourth, Fifth, Seventh, and Eleventh Circuit Courts of Appeals have and held that it does not. *Rendelman v. Rouse*, 569 F.3d 182, 188-89 (4th Cir. 2009); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 328-29 (5th Cir. 2009); *Nelson v. Miller*, 570 F. 3d 868, 889 (7th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1272 (11th Cir. 2007). This Court has consistently held that no damages are available under RLUIPA. *See e.g., White v. Linderman*, CV 11-8152-PCT-RCB (SPL) (Doc. 68); *Harris v. Schriro*, 652 F. Supp. 2d 1024, 1030 (D. Ariz. 2009); *Abdullah v. Schriro*, CV 08-0255-TUC-CKJ (Doc. 74).

with 'a breakfast sack meal during the evening meal prior to breakfast, so inmates can eat at *whatever time they choose* in the morning." (Doc. 25 at 4.) (Emphasis in original.) The Order notes that Plaintiff acknowledges that Defendants have abandoned their 2012 Ramadan policy of providing breakfast at 5:00 a.m. (*Id.*) But it also states that because ADC is providing the pre-dawn meals in the evening, "this aspect of plaintiff's RLUIPA claim is moot, *at least as it pertains to Ramadan 2013*." (*Id.* at 21.) (Emphasis added.)

Defendants do not bother to reply and so do not rebut Plaintiff's arguments regarding mootness. In opposing the request for a preliminary injunction, Defendant Linderman stated only that "*This year* [2013], breakfast will be served in the form of a breakfast sack meal during the evening meal prior to breakfast . . . ." (Doc. 22, Ex. 1 ¶ 5.) (Emphasis added.) Defendants did not represent that they had made a permanent change in their policy.

The Court finds that the request for injunctive relief in Plaintiff's SAC is not limited to relief for 2013. (Doc. 17.) The Court notes that Plaintiff is serving a life sentence.[4] Moreover, Defendants have not met their burden to show that their voluntary cessation of the 2012 policy is sufficient to render Plaintiff's request for injunctive relief moot. *See Rosebrock v. Mathis*, --- F.3d ---, 2014 WL 982897, *5-6 (9th Cir. Mar. 14, 2014).

The Court will deny without prejudice Defendants' request to dismiss the First Amendment and RLUIPA claims for injunctive relief. The Court will give Defendants 30 days to file a motion to dismiss the claims for injunctive relief with proper evidence demonstrating that they have permanently changed the policy regarding breakfast time for Muslims during Ramadan. *See id*. at *6.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion for Partial Judgment on the Pleadings (Doc. 35).

---

[4] http://www.azcorrections.gov/Inmate_DataSearch/results_Minh.aspx?InmateNumber=149284&LastName=MALONEY&FNMI=E&SearchType=SearchInet. (Last visited Mar. 17, 2014.)

- 8 -

1   (2) Defendants' Motion to Dismiss (Doc. 35) is **granted in part and denied in part as follows:**

(a) **granted** as to all damage claims in Counts One and Three, and

(b) **denied** without prejudice in all other respects.

(3) Defendants have 30 days to file a motion to dismiss with proper evidence demonstrating that they have permanently changed the policy regarding breakfast time for Muslims during Ramadan. Plaintiff will have 30 days to file a response to any such motion, and Defendants are <u>directed to file a reply</u> to any response.

(4) The remaining claims are the claims for injunctive relief in Counts One and Three and the claims in Count Two.

DATED this 25th day of March, 2014.

_____
Robert C. Broomfield
Senior United States District Judge