WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Scott Maloney,<br><br>   Plaintiff,<br><br> vs.<br><br>Charles L. Ryan, et al.,<br><br>   Defendants. | No.  CV 13-0314-PHX-RCB (BSB)<br><br>**O R D E R** |

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's Order entered March 25, 2014, granting qualified immunity to Defendants on Plaintiff's claim under the First Amendment regarding breakfast time for Ramadan in 2012.  (Doc. 45; ref. Doc. 42.)

The Court will deny the motion.

**I.   Background**

As noted in its Order entered March 25, Counts One and Three of Plaintiff's Second Amended Complaint (SAC) raised claims that Defendants failed to accommodate Plaintiff's religious beliefs during Ramadan when they allegedly set the time for breakfast after the time for religiously mandated fasting had begun.  This forced Plaintiff to either forgo breakfast during Ramadan or violate the tenets of his Muslim faith. Specifically, Defendants set breakfast for 5:00 a.m., prior to sunrise, rather than prior to dawn. (Doc. 42 at 1-2, 5.)  Count One asserted a violation of the First Amendment, and

1 Count Three alleged a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). (SAC, Doc. 17.)

On Defendants' Motion for Judgment on the Pleadings, the Court held that monetary damages are not available under RLUIPA. (Doc. 42 at 7, n. 3.) The Court also held that Defendants are entitled to qualified immunity on the First Amendment claim for damages. (*Id.* at 6-7.) The Court determined that a general duty to satisfy an inmate's religious dietary requirements defines the right in question too broadly and further determined that the issue for these Counts is whether it was clearly established that during Ramadan Muslims must eat breakfast before dawn rather than before sunrise. (*Id.* at 6, citing *Dunn v. Castro*, 621 F.3d 1196, 1200 (9th Cir. 2010).) The Court also held that it was not persuaded that the authority cited by Plaintiff demonstrates that there was such a clearly established right. (*Id.* at 6-7.)

## II. Governing Standard and Analysis

### A. Legal Standard

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**B.     Analysis**

Plaintiff objects to the Court's definition of the right at issue, arguing that a more general right applies—the right to accommodations to meet religious dietary needs. (Doc. 45 at 2, citing *McElyea v. Babbit*, 833 F.2d 196 (9th Cir. 1987).) He also disagrees with the Court's analysis of *Washington v. Garcia*, 977 F. Supp. 1067 (S.D. Cal. Sept. 10, 1997) and other cases he cited. (Doc. 45 at 3-4, 6.) He objects to the Court not construing the allegations in his SAC as true; specifically the allegation that Defendants had knowledge that the 5:00 a.m. feeding was later than the pre-dawn time required by his religion. (*Id.* at 5.) He also takes issue with the Court's reliance on a recent determination in *Bomar v. Richardson*, CV-13-0253-PHX-ROS (LOA) (Doc. 30), that there was no clearly established right to pre-dawn breakfast.

As to the claim that the Court did not construe as true Plaintiff's allegation that Defendants had knowledge of that the 5:00 a.m. feeding was later than the pre-dawn time required by his religion, Plaintiff is essentially arguing that Defendants were on notice of a clearly established right. But for purposes of qualified immunity, the right must be clearly established by case law; the doctrine of qualified immunity provides that even if there was a constitutional violation, Defendants may not be liable for damages. The remaining arguments mentioned above are merely disagreements with the Court's decision and are not grounds for reconsideration.

Finally, Plaintiff asserts that the Court did not address the congregational-prayer aspect of the religious exercise of Sahur raised in Count Three and so dismissed half of the religious exercise claim in that Count. (Doc. 45 at 7-8.) A review of Count Three in the SAC shows that Plaintiff's allegations include an assertion that Sahur ends with group prayer at the first light of dawn. (Doc. 17 at 11.) But as to a burden on his religious exercise, Plaintiff alleged only the 5:00 a.m. feeding time. (*Id.* at 12.) He did not claim a separate policy or practice that burdened the group prayer. Thus, to the extent the group prayer was somehow burdened, which is not clearly alleged in the SAC, it is related to

the feeding time. In other words, Plaintiff has not alleged a separate claim in Count Three regarding group prayer.

The Court finds no reason to reconsider its Order granting qualified immunity.

**IT IS ORDERED:**

(1) The reference to the Magistrate is **withdrawn** as to the Motion for Reconsideration (Doc. 45).

(2) The Motion for Reconsideration (Doc. 45) is **denied**.

(3) All other matters **must remain** with the Magistrate for disposition as appropriate.

DATED this 28th day of April, 2014.

Stephen M. McNamee
Senior United States District Judge